IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| The Purple Mixer, Inc.<br><br>                  Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>Defendant. | Court No.   25-00982 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff The Purple Mixer, Inc., through their undersigned attorneys, and, pursuant to U.S. Ct. Int'l Trade R. 3 and 7(a), state their Complaint for Declaratory Judgment, as follows:

**PARTIES**

1.      Plaintiff is an importer of various goods on which they have paid duties that were issued under the International Emergency Economic Powers Act ("IEEPA"). Plaintiff continues to pay those duties ("IEEPA Duties").

2.      The United States Court of Appeals for the Federal Circuit, in *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), has made a number of determinations relevant to this matter. Because the applicability of the IEEPA Duties that are the subject of this Complaint is a question of law pending before the Supreme Court in review of *V.O.S. Selections*, administrative processes (e.g., post summary correction, protest, etc.) do not provide either a viable avenue to or a basis for the relief requested in this Complaint.

3. Defendant, United States Customs and Border Protection ("CBP"), is the agency that is responsible for assessing and collecting IEEPA Duties.

4. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

5. Defendant United States of America received the IEEPA tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

## JURISDICTION AND STANDING

6. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i). *See V.O.S. Selections*, 149 F.4th at 1334.

7. The Court has the same powers at law, in equity, and as conferred by statute as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

8. Plaintiff has standing to sue because they are "adversely affected or aggrieved by agency action within the meaning of the APA." 5 U.S.C. § 702; 28 U.S.C. § 2631(i). IEEPA Duties adversely affected and aggrieved Plaintiff because, as importer of record, they were required to pay and did pay these duties.

9. Declaratory and injunctive relief from this Court would redress those injuries. Plaintiff also faces imminent and irreparable harm due to uncertainty as to whether there will be refunds of the IEEPA Duties as to liquidated entries or otherwise.

10. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). The instant action is filed within two years of the imposition of the IEEPA Duties and Plaintiff's payment

of same.

## GENERAL ALLEGATIONS

11.     Beginning in February 2025, through a series of executive orders, President Trump invoked IEEPA as authority to impose the IEEPA Duties on goods imported from many of the foreign countries from which Plaintiff imports its goods. President Trump stated his reason for doing so included such worthwhile goals as addressing trade deficits, making our trading relationships fair, and preventing fentanyl trafficking.

12.     As part of implementing the IEEPA Tariffs, the President directed the Secretary of Homeland Security to alter the Harmonized Tariff Schedule of the United States ("HTSUS") to effectuate the tariffs. *Id*. at 1320.

13.     The United States Court of Appeals for the Federal Circuit, in *V.O.S. Selections*, has upheld a Court of International Claims' decision that IEEPA does not authorize the issuance of the IEEPA Duties.

14.     The U.S. District Court for the District of Columbia, in *Learning Resources, Inc. v. Trump*, 784 F. Supp. 3d 209, 230 (D.D.C. 2025), also determined IEEPA does not authorize the President to impose tariffs and that those tariffs are ultra vires.

15.     The Supreme Court heard oral argument in *V.O.S. Selections* and *Learning Resources* on November 5, 2025, and is expected to rule in the near future, but in no event later than June 30, 2026.

16.     Through this action, Plaintiff asks for clarity that the law, as already stated in *V.O.S. Selections* and/or *Learning Resources*, equally applies to it and that the IEEPA Duties are unlawful.

17.     This separate action is necessary now for two reasons. First, if the IEEPA Duties are held unlawful by the Supreme Court, importers that have paid IEEPA Duties, including Plaintiff, are not guaranteed a refund for those tariffs in the absence of a judgment from this Court specific to them. Second, this action is necessary at this time because it is uncertain whether Defendants will issue refunds on liquidated entries if the Supreme Court affirms the *V.O.S. Selections* and/or *Learning Resources* holdings. Plaintiff seeks relief from the impending liquidations to ensure that its right to a complete refund is not jeopardized.

18.     Accordingly, for itself, Plaintiff seeks (i) a declaration consistent with the upcoming Supreme Court case on the lawfulness of the IEEPA Duties and (ii) an injunction preventing Defendants from

imposing further duties on it under the executive orders currently under review; and (iii) full refund from Defendants of all IEEPA Duties Plaintiff has already paid to the United States as a result of those executive orders, as well as those it will continue to pay, with interest as provided by law. *See, e.g.*, 19 U.S.C. § 1505(b).

19. In the months since the *V.O.S. Selections* complaint was filed, President Trump, invoking IEEPA, has issued additional executive orders imposing additional tariffs and modifying others. By this complaint, however, Plaintiff challenges only those orders the Federal Circuit has already held to be unlawful ("Challenged Tariff Orders").

### I. Defendants' Implementation of the IEEPA Duties

20. CBP classifies merchandise imported into the United States consistent with the HTSUS. 19 U.S.C. § 12.

21. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, after confirming the HTSUS classification of the goods, according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

22. Typically, when goods enter (i.e., are imported into) the United States, the importer of record pays an estimated duty on the entry based on its customs declaration, which asserts a value, origin, and HTSUS classification for the imported goods. See 9 U.S.C. § 1484. CBP then reviews the customs declaration and may inspect the goods.

23. Once CBP determines the final amount of duty, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500; 19 C.F.R. § 159.1.

24. This Court possesses the equitable authority to suspend liquidation.

25. Once liquidation has occurred, and if the liquidation is protestable, an importer of record has 180 days to file a protest contesting the liquidation, asking the CBP to "reliquidate" the duties. *See* 19 U.S.C. § 1514.10. But not all liquidations are protestable: where CBP acts in a ministerial capacity (*i.e.*, without discretion) in imposing a duty, the entry's liquidation cannot be protested.

26. An importer may lack the legal right to recover refunds of duties for entries that have

liquidated, even where the underlying legality of a tariff is later found to be unlawful.

## II. Plaintiff Paid Preliminary IEEPA Duties

27. Plaintiff has paid IEEPA Duties imposed by the Challenged Tariff Orders.

28. Plaintiff's imports subject to IEEPA entered the United States under new HTSUS codes from foreign countries.

29. Plaintiff has paid IEEPA Duties on a continuous basis.

30. The entries for which Plaintiff has paid IEEPA Duties imposed by the Challenged Tariff Orders are as a general matter scheduled to begin to liquidate on or after December 15, 2025.

31. In accordance with this Court's December 15, 2025 Opinion and Order in AGS Company Automotive Solutions v. U.S. Customs & Border Protection that the "Government has taken the 'unequivocal position' that 'liquidation will not affect the availability of refunds after a final decision' in *V.O.S.*," plaintiff does not seek preliminary injunctive relief at this time. Consol. Court No. 25-00255. at 8 (citation omitted).

## STATEMENT OF CLAIMS

## COUNT I

## DECLARATORY RELIEF, 28 U.S.C. § 2201

### THE CHALLENGED TARIFF ORDERS ARE ULTRA VIRES

32. Plaintiff incorporates paragraphs 1-31 by reference.

33. This Court and the Federal Circuit in *V.O.S. Selections*, and the U.S. District Court for the District of Columbia in *Learning Resources*, have held that IEEPA does not authorize the IEEPA Duties.

34. The Challenged Tariff Orders are materially identical in structure, authority claimed, and effect to those struck down in *V.O.S. Selections* and *Learning Resources*. They purport to impose duties and modify the HTSUS solely under IEEPA. For the same reasons set forth in *V.O.S. Selections* and *Learning Resources*, the Challenged Tariff Orders exceed the statutory authority and are therefore unlawful, void ab initio, and without effect.

35. Plaintiff respectfully requests that this Court apply its precedent and the binding decision of

the Federal Circuit, declare the Challenged Tariff Orders unlawful as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

36. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

37. Plaintiff's claims present an actual controversy as to the President's authority under IEEPA and the authority of CBP to implement and collect the resulting tariffs.

38. Plaintiff is an importer of record and has suffered injury by having been required to pay IEEPA Duties as a result of the Challenged Tariff Orders on goods it has imported into the United States.

39. This Court can exercise its equitable power to enter a declaratory judgment that the Challenged Tariff Orders are unlawful and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff.

40. This Court can exercise its equitable power to require refund of all IEEPA Duties collected, with interest as provided by law to Plaintiff, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff, enjoin Defendants from enforcing the IEEPA Duties as to Plaintiff, and order reliquidation or liquidation of all of Plaintiff's entries of merchandise for which it has or will in the future pay any IEEPA Duties, and refund all IEEPA Duties collected from Plaintiff, with interest as provided by law.

## COUNT II

## ALTERNATIVE–(DECLARATORY RELIEF, 28 U.S.C. § 2201)

## THE CHALLENGED ORDERS ARE UNCONSTITUTIONAL

41. Plaintiff incorporates paragraphs 1-40 by reference.

42. In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the Challenged Tariff Orders must nevertheless be held unlawful because IEEPA in that event would constitute an impermissible delegation of legislative power.

43. Interpreting IEEPA to permit the imposition of broad import tariffs would violate Article I, § 1 and § 8 of the U.S. Constitution, which vest in Congress the power to "lay and collect … Duties". Under the major questions doctrine, Congress must speak clearly when assigning to the Executive branch decisions of vast economic and political significance—such as the power to impose sweeping tariffs that affect international trade—and IEEPA contains no such clear statement.

44. To the extent the Challenged Tariff Orders are authorized under IEEPA, Plaintiff therefore seeks a declaration that the Challenged Tariff Orders are unconstitutional as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

45. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

46. Plaintiff's claims present an actual controversy as to the constitutionality of IEEPA and the authority of CBP to implement and collect the resulting tariffs.

47. Plaintiff is an importer of record and has suffered injury by having been required to pay IEEPA Duties as a result of the Challenged Tariff Orders on goods it has imported into the United States.

48. This Court can exercise its equitable power to enter a declaratory judgment that the Challenged Tariff Orders are unlawful for any of the above reasons, and that CBP lacks authority to implement and collect the resulting tariffs, as to Plaintiff, enjoin Defendants from enforcing the IEEPA Duties as to Plaintiff, and order reliquidation or liquidation of all of Plaintiff's entries of merchandise for which it has or will in the future pay any IEEPA Duties, and refund all IEEPA Duties collected from Plaintiff, with interest as provided by law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

   a) declare that the President lacks authority under IEEPA to set tariffs;

   b) declare that the Challenged Tariff Orders are ultra vires and void ab initio with respect to Plaintiff;

c)   declare that, with respect to Plaintiff, CBP lacks authority to implement and collect any tariffs set out in the HTSUS that are based on the Challenged Tariff Orders;

d)   with respect to Plaintiff, enjoin Defendants from imposing and enforcing any tariffs set out in the HTSUS that are based on the Challenged Tariff Orders;

e)   order the United States to refund to Plaintiff the IEEPA Duties collected on those entries, with interest as provided by law; and

f)   award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action;

g)   grant such further relief as this Court deems proper.

Respectfully submitted,

  /s/Anne Elise Herold Li

Dated: 12/26/2025

Adam E. Lyons
Anne Elise Herold Li
Evan T. Chuck (admission pending)
Marianne Rowden (admission pending)
BROWNSTEIN   HYATT   FARBER SCHRECK
75 Rockefeller Plaza, Suite 2600B
New York, NY 10019
212.571.1217
ali@bhfs.com

Counsel for PLAINTIFF *The Purple Mixer, Inc.*